UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIPE TORO ORTIZ,

    Plaintiff,

v.                                                    Case No. 8:23-cv -01943-AEP

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.     Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 22). The Social Security Administration ("SSA") denied Plaintiff's claims both initially

---

[1] Martin O'Malley is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Martin O'Malley should be substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

and upon reconsideration (Tr. 22). Plaintiff then requested an administrative hearing (Tr. 22). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 22). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 22). Subsequently, Plaintiff requested review from the Appeals Council (Tr. 22). The Appeals Council granted the request, vacated the decision, and remanded the case back to the ALJ for further evaluation (Tr. 22). On remand, the ALJ held another hearing and issued a new decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 32). Plaintiff again requested review from the Appeals Council, which the Appeals Council denied (Tr. 1). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1968, claimed disability beginning April 27, 2020 (Tr. 503). Plaintiff obtained a 9th grade education (Tr. 180, 550). Plaintiff's past relevant work experience included work as a hand assembler (Tr. 30). Plaintiff alleged disability due to pain in his spine; arthritis in his hand, fingers, and spine; neck pain; and leg pain (Tr. 549).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2025, and had not engaged in substantial gainful activity since April 27, 2020, the alleged onset date (Tr. 24–25). After conducting a hearing and reviewing the evidence of record, the

ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, hypertension, and hyperlipidemia (Tr. 25). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 25). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b). Specifically, the ALJ noted the following limitations:

> He can lift twenty pounds occasionally and ten pounds frequently. He can stand and walk six hours, and sit six hours, in an eight-hour workday. He is limited to occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; and frequently reach, handle, finger, and feel. He must avoid temperature extremes, wetness, vibrations, and hazardous machinery and heights; and he can understand, remember, and carry out routine and repetitive instructions and tasks

(Tr. 25–26). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 26).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform any past relevant work (Tr. 30). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national

economy, such as a warehouse checker, night cleaner, and inspector packager (Tr. 31). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 32).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20

C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by failing to account for the "total limiting effects" of Plaintiff's severe impairments in the RFC (Doc. 18, p. 4). Specifically, Plaintiff argues that the ALJ failed to account for: 1) Plaintiff's need for a hand-held assistive device (*i.e.*, a cane) and 2) Plaintiff's statements regarding the limiting effects of his impairments, including his need to change positions due to pain, difficulty with prolonged standing and walking, and difficulty with overhead reaching (Doc. 18, p. 13, 16). For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**A.     Plaintiff's Cane Use**

Plaintiff argues that the ALJ's analysis of the medical necessity for a hand-held assistive device was defective. The necessity of a hand-held assistive device is analyzed using SSR 96-9p. To find that Plaintiff required such a device, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed . . . . The adjudicator must always consider the particular facts of a case." SSR 96-9p, 61 Fed. Reg. 34,478-01 (July 2, 1996). Even absent such a showing, "courts have found that 'if the record contains information showing a claimant uses a cane, an ALJ should explicitly consider whether the claimant has a medical necessity for using such a hand-held device.'" *Wood v. Comm'r of Soc. Sec.*, No. 6:20-CV-963-LRH, 2021 WL 2634325, at *6 (M.D. Fla. June 25, 2021) (citing *Ebenroth v. Saul*,

7

No. CV 119-001, 2020 WL 583057, at *4 (S.D. Ga. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 583166 (S.D. Ga. Feb. 5, 2020)).

Plaintiff notes several instances in the record that support Plaintiff's need for a cane, including notes from several treating doctors indicating that Plaintiff was using a cane during office visits and Plaintiff's own statements that he must use a cane while standing and grocery shopping (Doc. 18, p. 7–12). Plaintiff argues that the ALJ failed to properly evaluate the need for a cane because the ALJ evaluated the issue in one paragraph of the decision and used "highly selective" reasoning (Doc. 18, p. 13–14).

Contrary to Plaintiff's contentions, the ALJ properly evaluated Plaintiff's alleged need for a cane, finding that the record did not sufficiently and consistently establish the need for a hand-held assistive device. Specifically, the ALJ assessed Plaintiff's cane usage at medical examinations, noting that the cane was never prescribed by any treating physicians and that no medical records describe the circumstances in which Plaintiff needs a cane (Tr. 28). The ALJ also weighed contradictory evidence from examinations at which Plaintiff walked with normal gait and station or without an assistive device altogether (Tr. 28–29).

Additionally, Plaintiff argues that the ALJ did not properly assess record evidence that a pain management provider prescribed Plaintiff a powered wheelchair (Doc. 18, p. 11, 15). As a threshold matter, the relevant portion of SSR 96-9p relied on by both parties and the ALJ applies only to "handheld assistive devices." Because a powered wheelchair is not a handheld assistive device, SSR 96-

8

9p is not the proper framework for assessing the medical necessity of a powered wheelchair. *See J.B.O. v. Comm'r of Soc. Sec.*, No. 7:22-CV-93 (TQL), 2023 WL 2862292, at *3 (M.D. Ga. Apr. 10, 2023) ("SSR 96-9p applies to sedentary work and to hand-held devices, whereas Plaintiff is assessed for light work and a wheelchair is not a hand-held device."). However, Plaintiff's wheelchair usage is still relevant to the total limiting effects of Plaintiff's impairments, and the ALJ properly considered the pain management provider's note regarding the wheelchair alongside "other examination findings . . . and the consultative physical evaluation" that showed Plaintiff could walk without an assistive device (Tr. 28–29). Though Plaintiff may disagree with the ALJ's determination, the Court finds that it is supported by substantial evidence and will not substitute its own judgment for that of the Commissioner. Accordingly, Plaintiff's first assignment of error is unpersuasive.

### B.  Plaintiff's Statements Regarding the Limiting Effects of His Impairments

Plaintiff also argues that the ALJ erred by failing to consider Plaintiff's statements regarding the limiting effects he described, including his need to change positions due to pain, difficulty with prolonged standing and walking, and difficulty with overhead reaching (Doc. 18, p. 7). In considering Plaintiff's symptoms, an ALJ must follow the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p. The ALJ considers both objective medical evidence and "other evidence," including statements by the individual "about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p. Additionally, the ALJ considers factors

9

relevant to symptoms, including daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; medication; other treatments or measures used to relieve symptoms; and any other factors concerning functional limitations and restrictions caused by the relevant symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)–(vii); *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010).

Plaintiff first argues that the ALJ wrongly rejected Plaintiff's statements about the limiting effects of his symptoms as inconsistent with the record (Doc. 18, p. 16). Specifically, Plaintiff takes issue with the ALJ's references to Plaintiff's mostly conservative treatments that did not require recurrent hospitalizations or emergency visits and the ALJ's reliance on the fact that Plaintiff did not require a brace or assistive device (Doc. 18, p. 16). Plaintiff also asserts that the ALJ did not properly articulate reasons for finding that Plaintiff's activities of daily living did not align with his statements regarding the intensity, persistence, and limiting effects of his symptoms (Doc. 18, p. 20).

Contrary to Plaintiff's assertions, the ALJ properly supported his finding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" (Tr. 26). The ALJ first credited Plaintiff's statements, finding that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (Tr. 26). Upon review of the entire record, however, the ALJ found several pieces of record evidence that refute Plaintiff's statements.

For example, MRI results showed only mild spinal abnormalities, treating physicians noted medication treatments with reported improvements in Plaintiff's symptomatology, and various examination notes indicated Plaintiff had normal tone and motor strength, normal gait and station, and full range of motion in his extremities (Tr. 26–28).

Ultimately, the assessment of a claimant's RFC is within the exclusive province of the ALJ, and the ALJ is permitted to reject any opinion when the evidence supports a contrary conclusion if the ALJ articulates the reasoning for that decision. *See* 20 C.F.R. § 416.946(c); *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015). The ALJ did so here by considering Plaintiff's subjective symptom complaints alongside the entire record of medical evidence. Though Plaintiff may not agree with the ALJ's findings, this Court "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178. Thus, the ALJ's decision is supported by substantial evidence and must be affirmed.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

DONE AND ORDERED in Tampa, Florida, on this 25th day of September 2024.

*[Signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record